McCoy *v.* Dail.

## McCoy *v.* Dail.

ILLEGAL LEVY. *What not. Property exempt.* Where a party was entitled, under the exemption laws, to a horse or a yoke of oxen, and the horse was levied on to satisfy an execution in the hands of a constable, who was afterwards sued in trover, the fact that the execution debtor had at the time a yoke of oxen on the premises in his possession, is a complete defense to the action against the officer, though it afterwards appears that the oxen had been conveyed by an unregistered mortgage to indemnify a security, no claim of this kind having been made known to the officer at the time of the levy.

### FROM ANDERSON.

From the Circuit Court at Clinton. T. C. LYON, Special Judge.

---

McCoy *v.* Dail.

---

No counsel marked.

SNEED, J., delivered the opinion of the court.

This was an action of trover; begun about the year 1855, against a constable who had levied an execution upon a horse of the plaintiff, claimed under the exemption law. The defense was that the plaintiff, beside the horse levied on, had a yoke of oxen. The fact was that the plaintiff did have on his premises a yoke of oxen, but he claimed to have mortgaged said oxen, with other property, to indemnify one Alldred as his security for $65. The instrument was produced in evidence, and was an unregistered mortgage in form. The plaintiff had never parted with the possession of the oxen, nor did he claim that they were mortgaged when the defendant levied on the horse.

The court charged the jury that either the horse or the yoke of oxen might have been levied on, and that the unregistered mortgage was no protection; or, in other words, that in the sense of the exemption laws the plaintiff was the owner of a horse and a yoke of oxen. The verdict was for defendant.

The judgment is right, and will be affirmed.